UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JAMES WOODS,

        Defendant.

Case No. 04-cr-0281-bhl-2

## ORDER DENYING MOTION TO REDUCE SENTENCE

      The government indicted defendant James Woods on December 7, 2004 on two drug related offenses, including one count of conspiracy to distribute more than 500 grams of cocaine. (ECF No. 10.) On May 11, 2005, a jury found Woods guilty of both counts. (ECF No. 99.) On November 18, 2005, the Court found Woods was a career offender under §4B1.1 of the Sentencing Guidelines and sentenced him to a total of 300 months imprisonment. (ECF No. 134.) In 2007, the Seventh Circuit affirmed Woods' sentence, including the Court's finding that he was a career offender. *United States v. Otero*, 495 F.3d 393, 401 (7th Cir. 2007).

      On February 7, 2021, Woods filed a motion asking the Court to review his sentence, remove the Career Offender enhancement, and adjust his sentence accordingly. (ECF No. 201.) Specifically, Woods asks for a "plain error review of the application of §4B1.1 'Career Criminal' enhancement, from the United States Sentencing Guidelines, to [his] sentence." (*Id.*) He argues two recent Sixth Circuit decisions support his argument that he should not have been found to be a career offender at his sentencing. As a pro se litigant, the Court will construe his motion liberally. *See Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). On March 2, 2021, the government responded to Woods' motion. (ECF No. 204.) After reviewing the defendant's motion and the government's response, the Court will deny the motion.

A district court can only modify a term of imprisonment in limited situations. 18 U.S.C. §3582(c). Those situations include "extraordinary and compelling reasons," when certain criteria are satisfied for defendants over 70 years of age, and when "expressly permitted by statute." *Id.* For example, a statute allows a federal prisoner claiming his or her sentence was imposed "in violation of the Constitution or laws of the United States" or "was not authorized by law" to move the sentencing Court to vacate, set aside or correct the sentence. 28 U.S.C. §2255(a). Wood's motion does not support the Court finding "extraordinary and compelling reasons" to reduce his sentence, he is not over 70 years old, and he does not cite to any statutes that would allow him to collaterally challenge his sentence. Moreover, the two recent Sixth Circuit decisions cited do not support the Court reviewing Woods' designation as a career offender. Therefore, the Court does not have the power to grant defendant's motion. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reduce sentence, (ECF No. 201), is **DENIED**.

Dated at Milwaukee, Wisconsin on March 10, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge